# CIRCUIT COURT OF THE CITY OF ROANOKE

Matthew C. Straughan

v.

Roberto Santiesteban, C
arilion Clinic,
and Carilion
Stonewall Jackson Hospital

March 13, 2015

Case No. CL13-2425

BY JUDGE DAVID B. CARSON

The parties are before the Court on Motions To Compel filed by Plaintiff.

First, Plaintiff seeks from Defendants Carilion Clinic and Carilion Stonewall Jackson Hospital (collectively "Carilion") copies of all medical records in Carilion's possession, custody, or control pertaining to Dr. Roberto Santiesteban. On information and belief, Plaintiff alleges that Dr. Santiesteban has left the Country and his present whereabouts are unknown. Plaintiff thus argues that it must seek from Carilion materials Plaintiff might otherwise secure from Dr. Santiesteban. Carilion, by counsel, represents that it is not in possession, custody, or control of any medical records pertaining to care or treatment received by Dr. Santiesteban that were generated by healthcare providers other than Carilion. Citing HIPAA concerns, Carilion is reluctant to identify records, if any, that it may have generated pertaining to care or treatment received by Dr. Santiesteban.

In light of Plaintiff's allegations in this case, I conclude that the requested medical records (if they exist) are either relevant or calculated to lead to the discovery of relevant evidence. Therefore, I grant Plaintiff's First Motion To Compel records, if any, in Carilion's possession, custody, or control pertaining to medical or psychological treatment sought or received by Dr. Santiesteban from Carilion. In return, Carilion may prepare a Protective Order containing any provisions it feels is appropriate, as long as the Order contemplates production to Plaintiff of the medical records in question (to the extent they exist) and the ability of Plaintiff and his counsel to review and potentially utilize those medical records solely in connection with this litigation (to the extent they are relevant and otherwise admissible).

Second, Plaintiff seeks from Carilion all records utilized, relied upon, and/or generated as part of the peer review process concerning Dr. Santiesteban. Carilion, in turn, relies on § 8.01-581.17 of the Virginia Code in claiming that the materials in question are privileged.

Carilion has properly identified the class of documents it is withholding in a Privilege Log that was produced to Plaintiff.

Upon consideration of § 8.01-581.17, the cases relied upon by counsel, and the oral argument of counsel, I agree with Carilion that the statute, absent extraordinary circumstances, protects disclosure of peer review documents from the discovery process. Accordingly, at this time, I deny Plaintiff's Second Motion To Compel.

Nevertheless, Plaintiff alleges that extraordinary circumstances exist in this case that provide an exception to the privilege otherwise afforded the documents by § 8.01-581.17. Based on the allegations in the Complaint, in conjunction with Dr. Santiesteban's current absence, Plaintiff may be correct in this regard, but I am unable to reach a final conclusion on the matter based on the information presently before me.

I am directing counsel for Carilion, by March 20, 2015, to provide me with the privileged documents, under seal, so that I may conduct an *in camera* review of the documents in question. I am assuming the documents in question are Bates Stamped or otherwise individually identified. If they are not, I request that Carilion individually identify the records so that, if necessary, I can refer to particular records with specificity. Based on my *in camera* review of those documents, I will determine whether I can conclude that extraordinary circumstances exist that may warrant production of certain otherwise privileged documents.

Counsel for the Plaintiff shall prepare and submit an Agreed Order consistent with this letter by March 20, 2015. If counsel are unable to agree on an Order, then both counsel shall submit their respective Orders by March 25, 2015. I will then choose the Order that I feel best captures my rulings and enter it.